PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE <u>Southern</u> DISTRICT OF TEXAS
<u>Houston</u> DIVISION

United States Courts
Southern District of Texas
F I L E D
MAR 27 2020
David J. Bradley, Clerk of Court

<u>Zachariah Harvey 1853348 and</u>
Plaintiff's Name and ID Number <u>All Similarly Situated Persons</u>

<u>O.B. Ellis Unit</u>
Place of Confinement

CASE NO. _____
(Clerk will assign the number)
Demand a 12 Person Jury Trial

v.

<u>Ken Paxton - Attorney General</u>
Defendant's Name and Address

<u>P.O. Box 12548 Capitol Station Austin Tx 78711-2548</u>
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

Rev. 05/15

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of $400.00.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: N/A

        2. Parties to previous lawsuit:

           Plaintiff(s) ZACHARIAH HARVEY AND ALL SIMILARLY SITUATED PERSONS

           Defendant(s) WILLIAM STEPHENS, BRAD LIVINGSTON, ~~BRYAN COLLIER, LORI DAVIS~~, MICHAEL ROESLER, KEITH GORSUCH, ERNESTO NAVARRETE SEE NEXT PAGE

        3. Court: (If federal, name the district; if state, name the county.) SOUTHERN DISTRICT

        4. Cause number: H-14-2272 ; 2:2254'S  4:16-CV-371 (VOL. DISM. 2.8.16)  4:18-CV-3932  9.18.18 (TIME BARRED)

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) DISMISSED AS MOOT

        7. Approximate date of disposition: N/A

Rev. 05/15

CAUSE NO. H-14-2272
FILED ON OR ABOUT 2014
PARTIES TO PREVIOUS LAWSUIT:
    BRAD LIVINGSTON
    WILLIAM STEPHENS
    MICHAEL ROESLER
    KEITH GORSUCH
    ERNESTO NAVARRETE
"DISMISSED AS MOOT"

### 2254's

1. CAUSE NO.: 4:16-CV-371
   FILED: 2.8.16
   "VOLUNTARY DISMISSAL"

2. CAUSE NO.: 4:18-CV-3432
   FILED: 9.18.18
   "TIME BARRED"

II. PLACE OF PRESENT CONFINEMENT: O.B. Ellis Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? N/A ___YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: ZACHARIAH HARVEY
1697 FM 980
Huntsville, TX 77343

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: KEN PAXTON, Attorney General, P.O. Box 12548 Austin, TX 78711-2548

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
THE FOLLOWING WAS UNTIMELY DONE: FILED COMPLAINT, PROB. CAUSE - ARRAIGNMENT HEARING WITHOUT APPT. COUNSEL, AND WAS NEVER INDICTED BY A GRAND JURY.

Defendant #2: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

July 13, 2010, I was engaged in a verbal spat that led to a homicide. On July 14, 2010 I was cleared by Homicide Det. M. Khan and the Harris County District Attorney's Office of Homicide. On July 1, 2011, an indictment was filed in the 180th District Court without a probable cause arraignment hearing and me being present. On July 6, 2011, I was arrested by two Harris County Deputy Sheriffs without probable cause, no warrant and or capias issued for an arrest. July 7, 2011 I received a video probable cause hearing. April 1 2013, I was found guilty of first degree murder. Jan 2019 & July 2019 my family filed a "Texas Public Information Act Request" and discovered that no records of a grand jury exist, no warrant/capias issued, no prob. cause/arraignment hearing transpired, and not limited to these non-responsive information

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Relief (Declatory, Injunctive, Void Conviction, Monetary Relief) and any other relief that deems appropriate.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Zachariah Harvey

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

1853348

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES ✓NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date sanctions were imposed: _____
4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

Rev. 05/15

4

C. Has any court ever warned or notified you that sanctions could be imposed?  ____ YES  ✓ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____
2. Case number: _____
3. Approximate date warning was issued: _____

Executed on: 20 MARCH 20
             DATE

ZACHARIAH HARVEY
Zachariah Harvey
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___20th___ day of ___MARCH___, 20 _20_.
            (Day)              (month)         (year)

ZACHARIAH HARVEY
Zachariah Harvey
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

ATTORNEY GENERAL
Hon. Ken Paxton
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548

ALL SIMILARLY SITUATED PERSONS, AND

Zachariah Harvey, Plaintiff

v.

Ken Paxton, Attorney General,  Docket No. _____
               Defendant.      Demand a Twelve Person Jury Trial

## Complaint For Damages

The Plaintiff, Zachariah Harvey, pro se, respectfully submits this complaint seeking relief against Ken Paxton, Attorney General for the State of Texas for wrongful conviction, subjecting him to danger, knowing that conviction was based off a warrantless arrest, falsified charging instrument (indictment), and not limited to no probable-arraingment hearing with appointed counsel. The Constitutionality of the Statute(s) this conviction is based on renders the conviction wrong. The conviction under the State or Federal statute is still repungnant to Due Process and Equal Protection Clause of the 4th, 5th, 6th, and 14th Amendments to the United States Constitution.

## Jurisdiction

This Court has jurisdiction under 42 § 1983 and 28 § 1343 USC, by virtue of the Fourteenth Amendment to the 28 U.S.C. § 2513, T.C.C.P., art. 16.01 to the United States Constitution. ((T.C.C.P., Article 2.04(5), 15.04(5), and 38.17) are Unconstitutional by 16.01 & 49.14), Tex. Civ. Prac & Rem Code § 101.106(f)

## Cause of Action

The Defendant Ken Paxton, acting under Color of State and Federal Law, and applicable policies as the Attorney General of the State of Texas, willfully and negligently upon notice allow the Defendant to remain in custody of the Texas Department of Corrections. Defendant was released by Harris County D.A.'s Office and Homicide Detective M. Khan on July 14, 2010. On July 1, 2011, an indictment was only filed in the 180th District Court

1.

of Harris County, with a bond amount pre-determined. On July 6, 2011, Defendant was arrested by two Harris County Deputy Sheriff's with and by two indictments only, and without probable cause, and thereby subjected me to public embarrassment, humiliation, and the removal of my three children. Z. Harvey has suffered substantil prejudice; oppressive pre-trial incarceration; official oppression; malicious prosecution; obstruction of justice; criminal intent; substantial anxiety; mental anquish; duress; economic, non-economic and punitive damages.

## Statement of Facts

1. July 14, 2010, Defendant was released of any wrong doing by the Harris County Homicide Detective M. Khan, and the Harris County District Attorney's Office.

2. July 1, 2011, and "Indictment" was filed in the 180th District Court without probable cause hearing with Defendant and Counsel not being present, and no showing of a Grand Jury Presentment of an indictment in open court.

3. July 6, 2011, Defendant was arrested without probable cause.

4. July 22, 2010, Celeste Byrom, Assistant District Attorney of ther Grand Jury Division, informed the CPS Social Worker "She had no record indicating that a Grand Jury was scheduled for Mr. Zachariah Harvey.

5. April 1, 2013, Defendant was found quilty of First Degree Murder and sentenced to Forty Years of Confinement in the Texas Department of Criminal Justice.

6. April 11, 2017, Defendant notified Congresswoman Sheila Jackson Lee, of being arrested without Due Process, not being present at the Gradn Jury Hearing as required in Texas Code of Criminal Procedure Art. 20.012, 20.02. No Probable Cause Hearing, and not limited to a forged indictment; which was re-addressed to the District Attorney Kimbra K. Ogg, with her response in part: "Despite Mr. Harvey's claim on your Privacy Act Release Form, The Texas Code of Crim. Procedure does not require that the Defendant be prsent at the Grand Jury Hearing. Mr. Harvey's claim that his Grand Jury Indictment was forged ..."

2.

7. January 16, 2019, District Attorney's (Kim Ogg's) Office received a request for disclosure of information under the Public Information Act requesting information or records related to cause No. 1311763; Zachariah v. The State of Texas:

   *valid complaint w/supporting affidavit;
   *Clerk's records, arrest warrant with supporting affidavit, capias, and Grand Jury Memorandum.
   There was NO RESPONSIVE informaiton found.

8. July 25, 2019, the same as above was submitted to the D.A.'s Office, and the Attorney General's Office, but with the additionals:

   *Grand Jury Empanelment, G.J., secretary's log, session report, record of Grand Jury concurring, voting record, and not limited to the G.J. Presentment of an Indictment in open court. Both corroborated in saying "after a reasonably diligent search of our records related to Cause numbers 1311762, 1311763, we have found no information responsive to the request(s).

## Relief Sought

9. Wherefore the Plaintiff, Zachariah Harvey, demands a judgment and damages in the form of monetary, economice and non-economic damages. Plaintiff remains in custody with cost and interest, and all other and further relief the Court deems proper.

This being the 20th day of March, 2020.

Respectfully submitted,

*Zachariah Harvey*
Zachariah Harvey
Ellis Unit
1697 FM 980
Huntsville, TX 77343

In The United States District Court
For The Southern District Of Texas
Houston Division

Zachariah Harvey 1863348
  Plaintif  And All Simirlaey Situated Persons

O.B. Ellis Unit

                                    Summons
                                    Case No _____

V

Ken Paxton - Attorney General
P.O. Box 12548          Defendant
Capitol Station
Austin Tx 78711-2548


To The Above-Named Defendant

    You Are Hereby Summoned And Required To Serve Upon Plaintiff Who's Address Is 1697 FM 980 Huntsville, Tx 77343., An Answer To The Complaint Which Is Herewith Served Upon You, Within 20 Days After Service Of This Summons Upon You, Exclusive Of The Day Of Service, Or 60 Days If The U.S. Government Or Officer/Agent Thereof Is A Defendant. If You Fail To Do So, Judgement By Default Will Be Taken Against You For The Relief Demanded In The Complaint.

Clerk Of The Court

Date: _____

ZACHARIAH HARVEY
#1853348
1697 FM 980
HUNTSVILLE, TX 77343
SP

United States Courts
Southern District of Texas
FILED
MAR 27 2020
David J. Bradley, Clerk of Court

UNITED STATES DISTRICT CLERK
BOB CASEY US COURT HOUSE
P.O. BOX 61010
HOUSTON, TX 77208-1010



AFSM 6 N Hou 773
TUE 24 MAR 2020 PM